■ In the Matter of JOSEPH M. VITALE et al., Appellants, v PLANNING BOARD OF THE INCORPORATED VILLAGE OF HUNTING-TON BAY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent Planning Board of the Incorporated Village of Huntington Bay dated September 12, 1983, which denied petitioners' application for approval of a proposed real property subdivision, petitioners appeal, purportedly as a matter of right, from so much of an order of the Supreme Court, Suffolk County (Snellenburg, J.), dated January 24, 1984, as denied their cross motion for summary judgment and amended the caption of the proceed-ing to include the Board of Trustees of the Incorporated Village of Huntington Bay as a party respondent. On the court's own motion, appellant's notice of appeal is deemed an application for leave to appeal, and said application is referred to Justice Lazer (CPLR 5701 [b] [1]; [c]).

Leave to appeal granted by Justice Lazer.

Order affirmed, insofar as appealed from, with costs.

Petitioners' cross motion for summary judgment was, as Special Term observed, premature in that it was made after respondent Planning Board moved to dismiss the petition but before it submitted its answer. CPLR 7804 (f) clearly provides that "[i]f the motion [to dismiss] is denied, the court shall permit the respondent to answer". Likewise, we have previ-ously stated that no decision on the merits can be made before a respondent has been given the opportunity to answer (*Mat-ter of Rubin v Board of Educ.*, 71 AD2d 606). The record

before us compels the conclusion that this opportunity has not been waived by respondent Planning Board. As such, petitioners' cross motion was properly denied.

We further find that Special Term did not abuse its discretion in joining as a respondent the Board of Trustees of the Incorporated Village of Huntington Bay in view of the fact that body also serves as the Board of Assessors of the village. We reach no other issues. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.